Good morning, Your Honors. I'm Edward Zussman, representing the plaintiffs in this matter. I'd like to start by framing for the Court the issue that this Court is deciding. Because it is a very narrow issue in this case, the issue was first framed by Judge Walker's order certifying the question for interlocutory appeal. What Judge Walker stated was an either-or proposition. The proposition was, on the one hand, if the preponderance standard applies, the preponderance of the evidence standard applies, the matter was properly removed. If the legal certainty standard applies, then remand is required. Now, of course, Judge Walker, Chief Judge Walker, did not have the benefit of louder milk. Absolutely, Your Honor. And as this Court is well aware, Your Honors asked for a briefing on louder milk, the extent to which louder milk implicates the result in this case, which, Your Honors, though the plaintiffs believe that louder milk answers the question before this Court at the legal certainty test applies, and the defendants take the opposite position. The importance of how Judge Walker framed the question for review is that 28 U.S.C. 1447d renders an order of remand not subject to appellate review. So to the extent that Judge Walker has already decided, once the legal standard, the burden of proof issue is clarified, that the matter must be remanded if the legal certainty test applies, then the only issue before this Court is what is the legal standard, what is the burden of proof, and who bears it. And as louder milk answers the question in plaintiff's mind as to the appropriate test, and it's the legal certainty test. So it's your position that we're powerless, if we determine that legal certainty applied, to remand the matter to Judge Walker to apply that test and rule, of course, accordingly. Can I have a yes or no? That's yes, Your Honor. Because Judge Walker has already ruled that if the legal certainty test applies, the matter must be remanded based on the record before his Honor, that is, once this Court decides that the legal certainty test applies. So a district court in an interlocutory appeal can tell us how we can handle a remand? The district court can frame the issue for this Court, and under 12, under the 1292B, this Court's review is limited to the order presented to this Court for review. This Court's jurisdiction is defined by the various statutes, among them being 1292B. So could Judge Walker's order allowing the appeal have said, paragraph 1, I have determined that the preponderance evidence doesn't apply, and the court of appeals may not review that determination interlocutorily? He has that power? If I understand Your Honor's question, if his order said that the legal certainty test applied, then remand would have been required, and a remand, an order granting a remand, barring exceptional circumstances under 28 U.S.C. 1447B, is not subject to appellate review. It's statutorily excluded from appellate review. Now, what is it you're asking this Court to do for you in this case? We're asking for this Court to determine that the legal certainty test applies, that is, to agree with your fellow panel in the Loudermilk case. Well, why are you so certain that Loudermilk applies? Isn't that a CAFA case, and didn't the panel in that case decide it under CAFA? It is a CAFA case, Your Honor, but for purposes of this narrow issue, and this is an extremely narrow issue, the underpinning. You keep trying to make this so narrow that we hardly have room to roll at all. Well, I mean, the Loudermilk court, the Loudermilk court, I think, did an excellent job explaining the underpinnings of removal jurisdiction, and explaining that for the purposes of removal jurisdiction, the law, the analysis, the history of removal jurisdiction is the same under traditional diversity jurisdiction, removal jurisdiction, and under CAFA. CAFA has the broad statute with a number of different qualities and factors, but for purposes of this particular issue, the courts look to the same body of case law, the same traditions of narrow Federal jurisdiction, strictly construing Federal court strictly construing their jurisdiction, and coming to the same conclusion that the amount in controversy should be decided based on the legal certainty test when the complaint is pled. Well, I know what Loudermilk said. My question to you was, is there anything that's distinct about the CAFA statute that would make Loudermilk inapplicable to the general category of removal cases, diversity removal cases? Not on this ñ not on the point of amount in controversy, which is the issue presented here, on other issues that may be the case. But with respect to amount in controversy, there's no material difference. So in Loudermilk, the amount of in controversy that was ñ or the amount of damages pled was a total amount, not less than 5 million, right? Correct. Your complaint pled damages less than the amount, you know, the requisite amount, but didn't include attorney's fees or punitive damages. So there's a factual distinction there as well. If we read the ñ there's no particular formulation for how a complaint pleads the relief that it's seeking under the applicable pleading rules. That was California statutory ñ California pleading rules. Our complaint pled damages under the jurisdictional minimum, under $75,000. In the jurisdiction section of the complaint, the prayer for relief was silent as to precisely what amounts and what categories of relief we were seeking. So are you saying that you did not specify a particular total amount of damages since you were silent as to the total? Not at all, Your Honor. We specified an amount that is under the jurisdictional amount of the Federal court. But you didn't specify a total. We did not ñ well, we didn't use the word total, but we specified an amount. You said you had your damages and then you had in addition attorney's fees and ñ or are you disclaiming punitive damages and attorney's fees? No, Your Honor. What we're saying is for the plaintiffs, the total amount they are seeking to recover as damages, which includes these other items, is $75,000 or under the jurisdictional amount. You didn't say that in the complaint. The complaint does not precisely say that and just ñ So that means it wasn't very specific, right? It was specific in the same way that the Loudermilk complaint was specific. No, the Loudermilk complaint said a total of, not to exceed, 5 million. Right. And our complaint said damage. It did not use the word total, Your Honor. Absolutely correct. Are you contending that you're within the description in Loudermilk, or are you ñ are you closer to the Judge Kleinfeld dissent in Loudermilk with respect to this specified amount? Your Honor, it's our ñ the key language of Loudermilk that we rely on and I think is ñ will be ñ should be what this Court considers is that it says, ìThe party seeking removal must prove with a legal certainty that the amount in controversy is satisfied notwithstanding the prayer for relief in the complaint.î So the Loudermilk court recognized that there are a number of ways of setting forth the same notion, that is, an amount that is under the jurisdictional amount, but not a specific dollar figure. That's really what this case is about, where the complaint is clear. And I don't think Judge Walker had a problem understanding that we were seeking less than the jurisdictional amount. His issue was we did not specify a specific dollar figure. We did not say $74,500 is what the complaint is seeking. And Loudermilk is directly on point with that, saying that where the complaint specifies an amount under the jurisdictional ñ the requisite jurisdictional amount, there ñ the legal certainty test applies. And that's the situation we find ourselves here. And ñ Ginsburg, I just don't see it, you know, in the ñ I mean, if you look at the ñ what we said about that complaint, it said that in addition to damages and penalty wages, plaintiffs sought costs, attorneysí fees and interest. A sum plaintiff alleged in her prayer for relief was in total less than $5 million. And then in the jurisdiction section, plaintiff further alleged that the aggregate total of the claims pled herein do not exceed $5 million. So I don't see ñ I mean, maybe you can explain it to me how your allegations equal that, but I don't see it. I think, Your Honor, our allegations are very much in accord with those, with the exception of using the word ìtotalsî or the word ìaggregate.î And Judge Walker ñ And you think that makes no difference? For purposes of the Loudermilk decision and then the holding in Loudermilk, which says, notwithstanding the prayer for relief in the complaint, I think ñ I think it is ñ it is consistent, Your Honor. And Judge Walker ñ In Loudermilk, they also said, well, we're ñ so the plaintiff is going to ñ the plaintiff is, you know, in control of his or her own fate, and plaintiff can forgo anything in excess of $5 million. Are you saying that in this case, the plaintiff is forgoing anything in excess of $75,000? We're saying that ñ the answer is yes, based on the record available to us. You're qualifying that. Are you making a representation that you will forgo anything in excess of $75,000? For the named plaintiff, the answer is yes. Thank you, counsel. Your time has expired. Thank you, Your Honor. You'll hear from the other side. Can I please have the Court? Bill Pickering from Chattanooga, Tennessee, for the Defendant McKee Foods Corporation. From the day they filed their complaint in this case, the plaintiffs have never pled a total amount in controversy, that is, the total of all of their claims, economic damages, punitive damages, attorney's fees, employee benefits. They have never pled that the total amount in controversy would not exceed $75,000. And that is exactly why this case is so different from Loudermilk. That is exactly why this case is so different from the cases that plaintiffs rely on, including the Burns case from the Eleventh Circuit and the other cases following Burns. In the case of the Burns case, there was a plea, a very specific plea, that the total of all claims would be, I think the Burns amount was $45,000, was the amount pled in Burns. The amount in controversy isn't limited to damages. It includes other elements, as this Court has found in prior cases, in Galt, in Krosky and in Loudermilk. And in this particular case, when you look at the complaint, what you're going to see is a specified amount or a limitation on, quote, damages, which you're not arguing the less-than issue. You're arguing that the total amount in controversy has to be, has to include something beyond damages. That's correct, Your Honor. In this case, the total amount in controversy, as framed by the plaintiff's own complaint, includes damages. And if you look at the body of the complaint, particularly paragraph 43, if you look at the plaintiff's removal papers, you can see that damages to the plaintiffs mean economic damages, whereas the prayer for relief makes clear that the plaintiffs are seeking much more than the damages mentioned in paragraph 4. Well, isn't this the very point of controversy within Loudermilk between Judge Bybee's majority opinion and Judge Kleinfeld's dissent? No, Your Honor. In Loudermilk, the complaint was clear on its face that the total amount claimed, including attorney's fees and all other elements, would not exceed the jurisdictional minimum. You don't get to that issue in this case, and Loudermilk does not apply because the complaint is unlimited. The complaint in this case includes the compensatory damages in paragraph 4, and then you get to the prayer for relief, and there is a list in the prayer for relief of everything that these plaintiffs are claiming, and one item is damages, then they go on to request punitive damages, attorney's fees, employee benefits, and accounting for money they say is owed. This long list contains no dollar limitation, and so this case falls squarely within existing Ninth Circuit precedent, which says that if the amount requested is unspecified, then the preponderance of the evidence standard applies, and that's exactly where we are. Didn't Judge Bybee sort of read into the term damages, the attorney's fees, as being included? In the dissent, you mean? No, no. Judge Bybee, writing for the majority. I don't believe so, Your Honor. I believe that the – if you look at the first page of the majority opinion, what you're going to see is a finding by the court that the total that the plaintiff had effectively pled, that the total of all of her claims would not exceed the jurisdictional minimum. I thought what Judge Bybee said was if there's a statutory entitlement to fees, they count, otherwise they don't. That is correct, Your Honor. And so in that case, there was a statutory entitlement, and so they would be included in the amount in controversy in our case. There is a statutory entitlement to fees, therefore they get included in the amount in controversy. In Loudermilk, Ms. Loudermilk effectively stated that the total of all of her claims, including attorney's fees, would not go above the jurisdictional minimum. In our case, the plaintiffs have not said that. They've had every opportunity to say that, but they have not on the record before the Court today. Do you agree with your opponent's suggestion that we are powerless, even if we determine legal certainty applies to return this to Judge Walker for application of the standard? No, Your Honor. The section of the code upon which the plaintiffs rely states that an order of the remand is not reviewable. In this case, there was no order of remand. With all due respect to Judge Walker, I think what you have in that opinion is some dicta that if the Court were to apply a different standard from the standard that the Court did apply, then the case would be remanded. But that is a far cry from an order of remand. And we think that this Court, we would certainly hope that the Court would not depart from existing precedent and apply the ninth of the legal certainty standard in a case like this. But if the Court were to do so, then I think there would need to be some instruction provided on remand, and in particular, some clarification of the fact that amounting controversy is not limited to damages. Do you think you can meet the legal certainty standard? We believe that we did, Your Honor, and the reasons why are set forth in the court. Is this the alternative holding? Pardon me, Your Honor? Are you referring to the alternative holding by Judge Walker? Yes. We believe that we, in fact, met the legal certainty standard. We respectfully believe that Judge Walker misread portions of our removal papers when he stated that all of our damage statements were made on information and belief. We don't believe that that's the case. The legal certainty standard essentially is that a judgment below the jurisdictional minimum would be outside the range of reasonableness. And we believe that we demonstrated that that was the case, particularly when attorneys' fees, employee benefits, and other relief are properly added in. There is one portion of the Loudermilk case that I wanted to call the Court's attention to, and that is footnote 6 on page 999. And at that point in the Loudermilk case, the Court was citing with approval the Seventh Circuit's decision in Brill. And what the Court said there was that if the plaintiff prefers to be in State court, but the complaint is silent or ambiguous on one or more ingredients of the amount needed to calculate the amount in controversy, then the preponderance standard applies. And that's exactly what we have here. We have a purported limitation on damages. We have no limitation on other key ingredients of the amount in controversy. I'm not aware, Your Honor, of any district court, and certainly no court of appeals, that has applied the legal certainty standard in a case in which there was not a specific disclaimer of the total amount in controversy. Let me ask you, what would, in light of your experience in the State court handling of this, excuse me, in the district court handling of this case, what do you suppose Chief Judge Walker would have done in this case if he had the Loudermilk decision in front of him? I think Judge Walker would have still applied the legal certainty test for all the reasons that we've described. But that was the alternative. I'm sorry. I think Judge Walker would have still applied the preponderance test for all the reasons that we have described, because Judge Walker did recognize that attorneys' fees and punitive damages would be added to – I'm sorry, attorneys' fees and punitive damages would be added in to calculate the total amount in controversy. And so I think Judge Walker would have recognized the distinction between this case in Loudermilk and the fact that in Loudermilk, you did have an effective disclaimer of the total amount in controversy, whereas in this case, we do not. I do have a concern, Your Honor, that some courts have not been as precise as they could have been with the terminology. Unfortunately, in Loudermilk, and even to some extent in Judge Walker's statement of the issue, in this case, it's though damages and amount in controversy are used somewhat interchangeably. And we respectfully submit that they are not interchangeable and that this Court should use this opportunity to clarify that. Well, can we go back on Loudermilk? There is certainly the implication in Loudermilk that they are synonymous. I don't believe so, Your Honor, because if you look at, I believe it's section 2C of the Loudermilk opinion, you have a discussion of the fact that amount in controversy is not limited to damages, but in Loudermilk also included attorneys' fees. Because of the statutory provision of the Oregon law. Because of the statutory entitlement to attorneys' fees, which is also present in this case. All right. Thank you, Counsel. Thank you. The case just argued will be submitted for decision.
judges: O'scannlain, Hawkins, Wardlaw